UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY HICKSON (#369635)                                         CIVIL ACTION

VERSUS

CAPT. GABRIEL HEBERT, ET AL.                                    NO. 13-0580-SDD-RLB

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in Baton Rouge, Louisiana, on May 28, 2014.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HENRY HICKSON (#369635)**                                    **CIVIL ACTION**

**VERSUS**

**CAPT. GABRIEL HEBERT, ET AL.**                               **NO. 13-0580-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss and Motion for Summary Judgment of defendants Gabriel Hebert, Johnny Bolden and Walt Willis (Rec. Docs. 13 and 14). These motions are opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Capt. Gabriel Hebert, Msgt. Johnny Bolden and Sgt. Walt Willis,[1] complaining that his constitutional rights were violated on April 16, 2013, when defendant Hebert subjected the plaintiff to excessive force, without justification, through the use of a chemical irritant spray. In addition, the plaintiff alleges that defendants Bolden and Willis stood by and failed to intervene to prevent the use of force by defendant Hebert. Pursuant to an Amendment to the Complaint (Rec. Doc. 6), the plaintiff has added Warden Burl Cain and Ass't Warden Troy Poret as defendants herein, asserting that these defendants were aware of prior similar acts of wrongdoing by officers assigned to the plaintiff's housing unit yet did nothing to stop the "on-going abuse."[2] In

---

1. Whereas the plaintiff's Complaint originally identified defendants Bolden and Willis as "J. Bolden" and "Willis (first name unknown)," the defendants have since provided the full and correct names of these defendants.

2. Defendants Burl Cain and Troy Poret have not yet been served and so have neither appeared in this proceeding nor joined in the instant motions.

addition, pursuant to a second Amendment (Rec. Doc. 25), the plaintiff has asserted an additional claim that defendant Gabriel Hebert was deliberately indifferent to the plaintiff's serious medical needs by failing to allow the plaintiff to shower for an extended period of time after the application of irritant spray on the referenced date.

Addressing first the defendants' Motion for Summary Judgment, this motion seeks dismissal of the plaintiff's claims asserted against defendants Johnny Bolden and Walt Willis because of the plaintiff's failure to exhaust administrative remedies relative to these defendants. In seeking such dismissal, the defendants rely upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corporation v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corporation v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

As pertinent to the moving defendants, Gabriel Hebert, Johnny Bolden and Walt Willis, the plaintiff alleges in his Complaint, as amended, that "[o]n April 16, 2013 the defendant Captain Gabriel Hebert sprayed the plaintiff with a chemical agent while plaintiff was in full restraints and locked inside a small shower .... After spraying the plaintiff with the chemical agent the defendant exited the tier and left plaintiff in the small, unventilated shower cell with the chemical agent clinging to plaintiff's eyes, skin and jumpsuit.... Plaintiff immediately started screaming that he could not see, that his eyes and skin felt like they were on fire and for Captain Hebert to please turn the water on in the shower so plaintiff could shower.... However, Captain Hebert did not turn the water on for the plaintiff so that he could decontaminate. Further, plaintiff remained inside the shower cell for at least ninety minutes after being sprayed." *See* Rec. Doc. 25 at pp. 1-2. In addition, the plaintiff asserts that during the referenced incident, "Master Sergeant J. Bolden and Sergeant Willis stoodby [sic] and watched but did not intervene or report Captain Hebert's illegal actions." *See* Rec. Doc. 1-1 at p. 3.

In now asserting that the plaintiff's claims asserted against defendants Johnny Bolden and Walt Willis are subject to dismissal for failure to exhaust administrative remedies, the defendants contend that, whereas the plaintiff alleged *in his Complaint* that these defendants stood by and failed to intervene when defendant Hebert utilized a chemical agent against the plaintiff on April 16, 2013, the plaintiff failed to specifically include this claim in the administrative grievance which he filed with prison officials relative to the referenced incident. As a result, according to the defendants, the plaintiff has failed to present this claim for exhaustion through the prison administrative process.

Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[3] This provision is mandatory and applies broadly to "all inmate suits about prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further,

---

3. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this purpose. *Id.*

Upon a review of the administrative grievance which the plaintiff filed relative to the claims asserted in this proceeding, the Court concludes that the defendants' motion is well-taken. Specifically, a review of the referenced grievance reflects that the plaintiff complained therein only of the alleged wrongdoing of defendant Gabriel Hebert in subjecting the plaintiff to excessive force on April 16, 2013. There is no mention whatever in the referenced grievance of the participation of any other security officers in the events alleged. Specifically, the plaintiff does not mention either defendant Bolden or Willis in the grievance, and he makes no claim regarding the alleged presence of any security officers who purportedly failed to intervene to protect him. Accordingly, the Court concludes that the plaintiff's claims asserted against defendants Johnny Bolden and Walt Willis are subject to dismissal for failure of the plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. *See Johnson v. Johnson, supra*, 385 F.3d at 517 (recognizing that, as a practical matter, a grievance should identify the individuals who are connected with a problem so as to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit"). *See also Curry v. Scott*, 249 F.3d 493, 505 (5th Cir. 2001) (finding that a grievance which complained of a beating by one security officer did not suffice to exhaust administrative remedies relative to a failure-to-protect claim asserted against another officer who was not mentioned in the grievance). Although the plaintiff asserts in his opposition to the defendants' Motion that there are genuine issues of fact regarding whether his pertinent administrative grievance sufficiently raised a claim of "deliberate indifference," he does not address the defendants' assertion that he failed to include any mention of defendants Bolden and Willis in

the grievance and failed to include any assertion therein that these officers, or any LSP personnel, stood by and failed to intervene to prevent the alleged use of excessive force by defendant Gabriel Hebert.  Accordingly, the defendants' Motion for Summary Judgment (Rec. Doc. 14) should be granted as to defendants Bolden and Willis because these defendants are entitled to summary judgment as a matter of law.

Turning to the Motion to Dismiss (Rec. Doc. 13) and to the plaintiff's claims asserted against defendant Gabriel Hebert, this Motion seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim for monetary damages asserted against the defendant in the defendant's official capacity.  In this regard, the defendant is correct that § 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against a state official acting in an official capacity, specifically because such an official is not seen to be a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as a claim against the State and is therefore jurisdictionally barred in federal court, absent consent or waiver by the State, by the Eleventh Amendment to the United States Constitution.  *Id.* at 25.  Accordingly, the plaintiff's claim asserted against defendant Hebert in the defendant's official capacity for monetary damages is subject to dismissal for this reason.  In contrast, the plaintiff's claim for monetary damages asserted against the defendant in the defendant's individual capacity remains viable because a claim against a state official in an individual capacity, seeking to impose *personal* liability for actions taken under color of state law, is not treated as a claim against the

State. *Id.* at 29. Further, as pointed out by the plaintiff in his opposition to the instant motion, a claim for declaratory and injunctive relief asserted against a state official in an official capacity is not prohibited under the Eleventh Amendment, because such a claim is also not treated as a claim against the State. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 *Am. Jur. 2d Civil Rights* § 101. Accordingly, inasmuch as the plaintiff has prayed for declaratory and injunctive relief in his Complaint, as amended, and inasmuch as there is no jurisdictional bar to such a claim, the Motion to Dismiss should be denied relative to this aspect of the plaintiff's claim.

Finally, the Court notes that the plaintiff also seeks in his Complaint to invoke the supplemental jurisdiction of this Court in connection with claims arising under state law. A district court, however, may decline the exercise of supplemental jurisdiction if the plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, considering the allegations of the plaintiff's Complaint and the recommendation of the Court that certain of the plaintiff's claims be dismissed, leaving his claim regarding the alleged violation of his Eighth Amendment rights by defendant Gabriel Hebert through excessive force and deliberate indifference on April 16, 2013, and his claim regarding the alleged failure of defendants Burl Cain and Troy Poret to intervene in their supervisory capacities, the Court recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over

the plaintiff's state law claims and that the Motion for Summary Judgment of defendants Johnny Bolden and Walt Willis (Rec. Doc. 14) be granted, dismissing the plaintiff's claims asserted against these defendants, without prejudice, for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.  It is further recommended that the defendants' Motion to Dismiss (Rec. Doc. 13) be granted in part, dismissing the plaintiff's claims for monetary damages asserted the remaining defendants in their official capacities, and denied in part, preserving the plaintiff his official capacity claims asserted against the remaining defendants for declaratory and injunctive relief and preserving his individual capacity claims asserted against the remaining defendants for monetary damages.  It is further recommended that this matter be referred back to the undersigned Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on May 28, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**