UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY HICKSON (#369635)** | **CIVIL ACTION** |
| **VERSUS** | |
| **CAPT. GABRIEL HEBERT, ET AL.** | **NO. 13-0580-SDD-RLB** |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 6, 2015.

                                                      **RICHARD L. BOURGEOIS, JR.**
                                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY HICKSON (#369635)                                             CIVIL ACTION

VERSUS

CAPT. GABRIEL HEBERT, ET AL.                                        NO. 13-0580-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motions for Summary Judgment (R. Docs. 48 and 60). These motions are opposed.[1]

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Capt. Gabriel Hebert, Msgt. Johnny Bolden and Sgt. Walt Willis, complaining that his constitutional rights were violated on April 16, 2013, when defendant Hebert subjected the plaintiff to excessive force without justification, through the use of a chemical irritant spray, while defendants Bolden and Willis stood by and failed to intervene. Pursuant to Amendments to the Complaint (R. Docs. 6 and 25), the plaintiff has (1) added Warden Burl Cain and Ass't Warden Troy Poret as defendants herein, asserting that these defendants were aware of prior similar acts of wrongdoing by security officers assigned to the plaintiff's housing unit yet did nothing to stop the "on-going abuse," and (2) asserted an additional claim that defendant Gabriel Hebert was deliberately indifferent to the plaintiff's serious medical needs by failing to allow the plaintiff to

---

1. The plaintiff has filed an opposition to the first Motion for Summary Judgment, *see* R. Doc. 50, but has not filed a separate opposition in response to the second. However inasmuch as the basis for both motions for summary judgment is the same, the Court will consider the plaintiff's opposition to the first motion to be equally applicable to the second.

shower after the application of irritant spray on the referenced date. Pursuant to earlier Magistrate Judge's Report in this case, approved by the District Judge on June 27, 2014 (R. Docs. 53 and 57), the plaintiff's claims asserted against defendants Johnny Bolden and Walt Willis have been dismissed, as have the plaintiff's state law claims and claims asserted against the defendants for monetary damages in the defendants' official capacities.

The remaining defendants, Gabriel Hebert, Burl Cain and Troy Poret, now move for summary judgment in their favor, relying upon the pleadings, Statements of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corporation v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary

judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corporation v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

As pertinent to the claims asserted against the remaining defendants, the plaintiff alleges in his Complaint, as amended, that "[o]n April 16, 2013 the defendant Captain Gabriel Hebert sprayed the plaintiff with a chemical agent while plaintiff was in full restraints and locked inside a small shower .... After spraying the plaintiff with the chemical agent the defendant exited the tier and left plaintiff in the small, unventilated shower cell with the chemical agent clinging to plaintiff's eyes, skin and jumpsuit.... Plaintiff immediately started screaming that he could not see, that his eyes and skin felt like they were on fire and for Captain Hebert to please turn the water on in the shower so plaintiff could shower.... However, Captain Hebert did not turn the water on for the plaintiff so that he could decontaminate. Further, plaintiff remained inside the shower cell for at least ninety minutes after being sprayed." *See* Rec. Doc. 25 at pp. 1-2. In addition, the plaintiff asserts that defendants Burl Cain and Troy Poret, in their capacities, respectively, as supervisor of the prison and supervisor of the plaintiff's housing unit, were aware of abuse and/or complaints of abuse concerning "officers ... spraying inmates with chemical agents maliciously," and could have taken action to stop the abuse but did not. *See* Rec. Doc. 6

at p. 2.

In responding to the plaintiff's claims, the defendants assert in the instant motions that certain of the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. Specifically, the defendants contend that the plaintiff failed to assert in the administrative grievance that he submitted relative to the claims alleged in the Complaint, that (1) defendants Cain and Poret were deliberately indifferent to the plaintiff's safety and well-being by failing to supervise or take action to stop a pattern of abuse of which they were aware, or (2) defendant Hebert was deliberately indifferent to the plaintiff's safety or well-being by failing to allow the plaintiff to shower after the application of chemical agent on April 16, 2013. As a result, according to the defendants, these claims are subject to dismissal because the plaintiff has failed to exhaust them through the prison administrative process.

Upon a review of the administrative grievance which the plaintiff filed relative to the claims asserted herein, the Court concludes that the defendants' motions are well-taken. Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies relative to his claims prior to commencing a civil action in this Court with respect to prison conditions.[2] This provision is mandatory and applies broadly to "all inmate suits about prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner is required to exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper,

---

2. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this purpose. *Id.*

In the administrative grievance that the plaintiff filed relative to the claims asserted herein, *see* R. Doc. 48-3 at pp. 5-7, the plaintiff complained only of the alleged wrongdoing of defendant Gabriel Hebert in subjecting the plaintiff to excessive force on April 16, 2013. There is no mention whatever in the referenced grievance of any alleged failure by defendant Hebert to allow the plaintiff to shower after the incident, and there is no mention of any alleged pattern of abuse by prison correctional officers of which defendant Cain or Poret was aware yet failed to intervene to supervise or prevent the alleged abuse. The plaintiff does not even mention defendant Cain or Poret in the referenced grievance. Accordingly, the Court concludes that the plaintiff's claims asserted against defendants Cain and Poret are subject to dismissal for failure of the plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. *See Johnson v. Johnson, supra*, 385 F.3d at 517 (recognizing that, as a practical matter, a grievance should identify the individuals who are connected with a problem so as to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit"). In addition, inasmuch as the referenced grievance includes no assertion by the plaintiff that defendant Hebert exhibited deliberate indifference to the plaintiff's health or well-being by failing to allow the plaintiff to shower after the incident, this claim is also subject to dismissal for this reason. Although the plaintiff asserts in his opposition to the defendants'

Motion that his claim of deliberate indifference should be allowed to proceed because he utilized the phrase "deliberate indifference" in the referenced grievance, the mere use of that phrase, without any factual recitation regarding an alleged shower deprivation, was not sufficient to notify prison officials that the plaintiff intended to assert a claim relative to such deprivation, so as to allow them an opportunity to address that complaint.  Accordingly, the defendants' Motions for Summary Judgment (R. Docs. 48 and 60) should be granted, dismissing the plaintiff's claims asserted against defendants Cain and Poret in their entirety and dismissing the plaintiff's claim asserted against defendant Hebert regarding the alleged deprivation of a shower on April 16, 2013.

## RECOMMENDATION

It is recommended that the Motion for Partial Summary Judgment of defendant Gabriel Hebert (R. Doc. 48) and the Motion for Summary Judgment of defendants Burl Cain and Troy Poret (R. Doc. 60) be granted, dismissing the plaintiff's claims asserted against defendants Cain and Poret in their entirety and dismissing the plaintiff's claim asserted against defendant Gabriel Hebert regarding an alleged deprivation of a shower on April 16, 2013, without prejudice, for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.  It is further recommended that this matter be referred back for further proceedings in connection with the plaintiff's claim for monetary damages asserted against defendant Gabriel Hebert, in the defendant's individual capacity, for alleged excessive force in violation of the Eighth Amendment to the United States Constitution.

Signed in Baton Rouge, Louisiana, on January 6, 2015.

　　　　　　　　　　　　　　　　　　／s／ Richard L. Bourgeois, Jr.
　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**