UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY HICKSON  (#369635)                                          CIVIL ACTION

VERSUS

GABRIEL HEBERT, ET AL.                                            NO. 13-580-SDD-RLB

ORDER

      This matter comes before the Court on the plaintiff's Motion for Default Judgment for Failing to Comply with a Court Order (R. Doc. 106).  This Motion is opposed.  *See* R. Doc. 107.  The plaintiff asserts that the defendant has failed to comply with the Court's Order of October 30, 2015 (R. Doc. 102), which required the defendant to produce information pertaining to the chemical agent used on the plaintiff by the defendant.  Specifically, the plaintiff alleges that the information provided pertains to "Sabre Phantom-Evaporating Delivery MK-4," which cannot be the chemical agent used on the plaintiff because the documents provided reflect that the beginning weight of a can of MK-4 is 109.2 grams and contains 15 one-second bursts, resulting in just over 7 grams of the chemical agent being dispersed per one, one-second burst.  The chemical logbook previously filed of record reflects that the can of chemical agent used on the plaintiff weighed 108 grams, and the directions provided by the defendant for "Sabre Aerosol PR-Objectors Phantom Delivery" state that the "spray should be deployed in one, three-second burst, which the plaintiff asserts would result in over an ounce of agent being released.

      The plaintiff therefore asserts that the information provided by the defendant cannot be for the chemical agent used on the plaintiff, and he requests a judgment by default based upon the defendant's failure to comply with the Court's Order of October 30, 2015.  The plaintiff also

complains regarding previous incorrect information provided by former counsel for the defendant.

In response to the plaintiff's Motion, the defendant asserts that he has timely complied with the Court's Order by providing the Material Safety Data Sheet for Sabre Red Phantom, the manufacturer's specifications for Sabre Phantom-Evaporating Delivery MK-4, and the Affidavit of Joe Lamartiniere. *See* R. Docs. 103 through 103-4, and 107.

Federal Rule of Civil Procedure 37(b)(2) permits the court to *inter alia* enter a default judgment against a party for violation of discovery orders. Before granting a default judgment, however, the district court must consider four factors: (1) whether the violation was willful or in bad faith rather than simply due to inability to comply, (2) whether less drastic sanctions would effect the goals of Rule 37(b), (3) whether the violation prejudiced the opposing party's trial preparation, and (4) whether the client knew of or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. *U.S. For Use of M–CO Const., Inc. v. Shipco General, Inc.,* 814 F.2d 1011, 1013 (5th Cir.1987) (*citing Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir.1985)). A default judgment is a "draconian" sanction that should be imposed only as a last resort. *Id*. (citation omitted).

In the instant matter there does not appear to be any violation of the Court's Order, much less one that is willful or in bad faith. The Affidavit of Joseph Lamartiniere (R. Doc. 103-2) states that Sabre Phantom MK-4 – Evaporating Delivery was released into the plaintiff's cell on April 16, 2013. The Affidavit further states that the names Sabre Red Phantom and Sabre Phantom are used interchangeably, that the Material Safety Data Sheet for Sabre Red Phantom (R. Doc. 103-1) is the only document the prison retains on the chemical agent, and the technical specifications sheet for MK-4 (R. Doc. 103-3) was obtained from the Internet. Based on the

defendant's responses, it appears that the defendant has provided the plaintiff with all information in the prison's possession regarding Sabre Red Phantom/Sabre Phantom.

Furthermore, the plaintiff has not been prejudiced in his trial preparation. The plaintiff is free to cross-examine the defendant regarding the issues presented in his Motion for Default Judgment. The Affidavit of Joseph Lamartiniere also explains that the document regarding Sabre Phantom Cell Buster – Evaporating Delivery, previously provided by former counsel for the defendant, was not provided to the defendant's former counsel by the prison. As such, the record reflects a lack of knowledge or participation by the defendant in the provision of the incorrect information regarding Sabre Phantom Cell Buster – Evaporating Delivery. Therefore, having considered the factors set forth in *Shipco*, *supra*, the Court finds that a judgment by default is not warranted in this case. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Default Judgment for Failing to Comply with a Court Order (R. Doc. 106) be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on February 9, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**