UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY HICKSON (#369635)     CIVIL ACTION

VERSUS

CAPTAIN GABRIEL HERBERT, ET AL.     13-580-SDD-RLB

## ORDER

Before the Court are the Plaintiff's *Motion for Re-Hearing* (Rec. Doc. 196), *Motion for Judgment as Matter of Law* (Rec. Doc. 194), and *Motion for New Trial* (Rec. Doc. 198). Considering the Plaintiff's *Motion for Re-Hearing*,

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion* (Rec. Doc. 196) is GRANTED, and the Court's previous *Order* denying the Plaintiff's *Motion for Judgment as a Matter of Law* is **VACATED** and **WITHDRAWN**. The Court will now addresses the merits of the Plaintiff's *Motion for Judgment as a Matter of Law* (Rec. Doc. 194) and *Motion for New Trial* (R. Doc. 198).

A Rule 50(b) motion for judgment as a matter of law "in an action tried by a jury, is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Flowers v. Southern Regional Physician Services, Inc.,* 247 F.3d 229, 235 (5th Cir. 2001) (quoting *Ford v. Cimarron Ins. Co.,* 230 F.3d 828, 830 (5th Cir. 2000)). Such a motion may be granted only if the trial court finds that "there is no legally sufficient basis for a reasonable jury to have found for that party with respect to that issue." *Id.* (quoting *Ford,* 230 F.3d at 830 (internal quotations omitted) (quoting *Foreman v. Babcock & Wilcox Co.,* 117 F.3d

800, 804 (5th Cir. 1997)). In conducting its analysis of a Rule 50(b) motion, the court "consider[s] all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party." *Id.* (quoting *Brown v. Bryan County, OK,* 219 F.3d 450, 456 (5th Cir. 2000)). Considering that all reasonable inferences and credibility determinations must be resolved in favor of the non-moving party, "judgment as a matter of law should not be granted unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id.* (quoting *Omnitech Int'l, Inc. v. Clorox Co.,* 11 F.3d 1316, 1322 (5th Cir. 1994)). The Fifth Circuit instructs that "[c]ourts should be wary of upsetting jury verdicts, and should do so only when there is not a legally-sufficient evidentiary basis for the jury's verdict." *In re Actos (Pioglitazone) Products Liability Litigation,* 2014 WL 4364832, *3 (W.D. La. Sept. 2, 2014) (citing *Roman v. Western Manufacturing,* 691 F.3d 686, 692 (5th Cir. 2012)).

The Plaintiff asserts that he is entitled to a judgment as a matter of law because he proved by a preponderance of the evidence that Defendant Hebert utilized excessive force against the Plaintiff. After being presented with both the facts and relevant legal standards, the jury plainly concluded otherwise. The Court thoroughly instructed the jury on the elements of excessive force and the deference that must be given to prison officials in executing policies and procedures to preserve internal order and discipline and maintain security. By returning a verdict in favor of the Defendant, the jury conveyed its finding that the Plaintiff failed to set forth sufficient proof that excessive force was used against him. Such a determination is reasonable and supported by the evidence. The Court cannot say, based on the evidence, that the facts and inferences point so strongly

and overwhelmingly in the Plaintiff's favor that reasonable jurors could not reach a contrary conclusion.

Turning to the Plaintiff's *Motion for New Trial*, Rule 59(a) provides that a new trial may be granted "on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action in federal court." Fed. R. Civ. P. 59(a)(1). Although Rule 59(a) does not list specific grounds for a new trial, the U.S. Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted). However, it is within the "sound discretion of the trial court" to determine whether to grant or deny a motion for new trial. *Pryor v. Trane Co.*, 138 F.3d 1024, 2016 (5th Cir. 1998).

As in many cases of this kind, the verdict in this case ultimately hinged on credibility determinations. More specifically, in making its decision, the jury necessarily had to choose which version of the events it believed—the Plaintiff's or the Defendant's. The jury made its credibility assessments, weighed this evidence, and obviously drew inferences from this evidence favorable to Defendant Hebert. Considering the entire record without rehashing the same, there is no basis to conclude that the verdict in favor of the Defendant was against the great weight of the evidence.[1] Accordingly,

---

[1] The Court also notes that the plaintiff's Motion for New Trial was not timely filed. A motion for new trial must be filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(b). Judgment in this matter was entered on September 30, 2017 (see Rec. Doc. 197), and the plaintiff's Motion (R. Doc. 198) was not filed until November 2, 2017.

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Judgment as a Matter of Law* (Rec. Doc. 194) and *Motion for New Trial* (R. Doc. 198) are **DENIED**.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 28, 2017</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**